UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KEVIN CLEARY, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:17-cv-1957 (VLB) |
| | : | |
| COURTNEY BONJOUR, JANE DOES, | : | |
| JOHN DOES, DEBORAH GROVER, | : | |
| JOYCE HEADY, CRYSTELLE HIBBARD, | : | |
| GINNY MACVICAR, SUSAN MACVICAR, | : | |
| PARTICIA MINALGO, BARBARA | : | |
| QUINN, DEIRDRE SCOTT, & | : | |
| HEIDI WINSLOW | : | May 25, 2018 |
| Defendant. | : | |

**RULING GRANTING MOTIONS TO DISMISS THE COMPLAINT**

This case involves child custody orders filed in Connecticut Superior Court. The Court assumes the parties' familiarity with the facts as detailed in Plaintiff's Complaint [Dkt. 1]. Defendants have moved to dismiss the Complaint alleging Plaintiff has not alleged claims over which the Court has subject-matter jurisdiction, and asserting certain defendants are immune from suit. For the reasons set forth below, the motions to dismiss are GRANTED and this case is DISMISSED.

I. **The Court Lacks Subject-Matter Jurisdiction Over This Suit**

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Subject matter jurisdiction is not waivable, and a lack of subject matter jurisdiction may be raised at any time, by a party or the court *sua sponte*. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *see also Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013) ( "Objections to a tribunal's jurisdiction

1

can be raised at any time, even by a party that once conceded the tribunal's subject-matter jurisdiction over the controversy."). If a court lacks subject matter jurisdiction, it must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3). A "district court must take all uncontroverted facts in the complaint [ ] as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). However, "where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings." *Id.* "In that case, the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.*

Under the *Rooker-Feldman* doctrine, federal district courts may not exercise subject matter jurisdiction over suits that are, in substance, appeals from state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414-15 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Gonzalez v. Ocwen Home Loan Servicing*, 74 F. Supp. 3d 504, 513 (D. Conn. 2015) (stating the *Rooker-Feldman* doctrine depends on "the causal relationship between the state-court judgment and the injury of which the party complains in federal court," not the similarity between the claims) (quoting *McKithen v. Brown*, 481 F.3d 89, 97-98 (2d Cir. 2007)). The doctrine is limited to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).

Plaintiff alleges Defendants, including the mother of his child, two Connecticut Superior Court judges, and various others alleged to have been involved in his child custody dispute in Connecticut Superior Court, conspired to prevent Plaintiff from enjoying the "ability and privilege to have unfettered parenting time with [his] son." [Dkt. 1 at 1-2.] Plaintiff's claim is rooted in his disagreement with the Connecticut Superior Court's decision regarding his visitation rights. The *Rooker-Feldman* doctrine prevents the Court from exercising subject matter jurisdiction to reconsider the Connecticut Superior Court's decision. *See Mitchell v. Fishbein*, 377 F. 3d 157, 165 (2d Cir. 2004); *Holland v. New York*, 63 F. App'x 532, 533 (2d Cir. 2003) (affirming district court's dismissal for lack of subject matter jurisdiction of case involving allegations arising from contested divorce suit); *Weiss v. Weiss*, 375 F. Supp. 2d at 18 (ruling the *Rooker-Feldman* doctrine barred the district court from considering ex-wife's tort claims).

Even if the Rooker-Feldman doctrine did not bar the Court from entertaining this attempted challenge to a state court judgment, the Court would be barred from evaluating Plaintiff's custody and visitation rights under the domestic relations doctrine. The domestic relations doctrine "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). The doctrine recognizes that "state courts are more eminently suited to work of this type than are federal courts, which lack the close association with state and local government

organizations dedicated to handling issues that arise out of conflicts over divorce, alimony, and child custody decrees." *Id.* at 704.

Plaintiff references his desire for unfettered child visitation rights throughout his Complaint, asserting his "desire for and right to the companionship, care, custody, and management" of his child "warrants deference," [Dkt. 1 at 8] and that the "Court has violated the very essence" of his parental rights "by not allowing [him] to enjoy the sanctity of [his] parental rights." *Id.* at 1, 8-9. Plaintiff states in his Prayer for Relief that he seeks "declaratory judgment." *Id.* at 13. Plaintiff does not elaborate upon what declaratory judgment he seeks, but the allegations in his Complaint suggest that he seeks a declaration that he is entitled to fuller child visitation rights than the Connecticut Superior Court awarded him; a request for reversal of the state court ruling, or for reconsideration of that ruling, which would be better addressed in state court. *See Weiss v. Weiss*, 375 F. Supp. 2d 10, 15 (D. Conn. 2005) (stating that the decision for federal courts to disclaim jurisdiction in domestic relations cases "is statutory, not constitutional, in nature" and "rests on the history of the diversity jurisdiction statute, 28 U.S.C. § 1332, as well as 'sound policy considerations' "); *U.S. Life Ins. Co. v. Marshall*, No. 3:13-CV-00380 (VLB), 2014 WL 2040389, at *5 (D. Conn. May 16, 2014) (acknowledging that "federal courts 'should further abstain from exercising jurisdiction over cases on the verge of being matrimonial in nature") (quoting *Hamilton v. Hamilton–Grinols*, 363 Fed.Appx. 767, 769 (2d Cir. 2010)). The Court is precluded from exercising

4

jurisdiction under both the Rooker-Feldman doctrine and the domestic relations exception. *See Hamilton*, 363 F. App'x at 769.

II. <u>Certain Defendants are Immune from Suit</u>

In addition to asserting claims over which the Court has no subject-matter jurisdiction, the Complaint brings claims against Barbara Quinn and Heidi Winslow, Connecticut Superior Court judges who enjoy absolute judicial immunity. State entities and their representatives are immune from suit under the Eleventh Amendment, *Kentucky v. Graham*, 473 U.S. 159, 169 (1985), and judges also enjoy absolute immunity from suit arising out of actions taken within their judicial capacities. *McCluskey v. New York State Unified Court System,* 442 F. App'x 586, 587 (2d Cir. 2011). Judicial immunity recognizes that judges may make mistakes, and immunity is not removed even if a judge's actions include grave procedural errors. *Stump v. Sparkman,* 435 U.S. 349, 359 (1978); *Green v. Maraio,* 722 F. 2d 1013, 1017 (2d Cir. 1983).

Plaintiff's allegations against the Defendant Judges arise out of their failure to award him the visitation he desires – actions performed within their judicial capacities – and accordingly they would enjoy absolute immunity from suit even if the Court could exercise subject-matter jurisdiction over Plaintiff's claims. *McCluskey,* 442 F. App'x at 587 (finding that Plaintiff's claim that state courts and judges violated Plaintiff's Fourteenth Amendment rights to due process and equal protection by ruling against them were barred by the doctrine of judicial immunity"); *Bliven v. Hung,* 579 F.3d 204, 209 (2d Cir. 2009) ("judicial immunity is conferred in order to insure that a judicial officer, in exercising the authority

**vested in him, shall be free to act upon his own convictions without apprehension of personal consequences to himself, Thus, even allegations of bad faith or malice cannot overcome judicial immunity.").**

Similarly, Plaintiff names as defendants Crystelle Hibbard, his child's guardian ad litem, and Joyce Heady, a therapist who provided reports for consideration at the Connecticut Superior Court custody proceedings, who are also immune from suit. Connecticut courts recognize a litigation privilege which grants absolute immunity to "all participants in judicial proceedings, including judges, attorneys, parties, and witnesses" from claims arising out of the information they provide in connection with judicial and quasi-judicial proceedings. *MacDermid, Inc. v. Leonetti*, 310 Conn. 616, 627 (2013); *see also Weldon v. MTAG Servs, LLC*, No. 3:16-cv-783, 2017 WL 776648, at *10 (D. Conn. Feb. 28, 2017) (noting that federal courts "routinely apply the state's litigation privilege to claims that challenge representations made in underlying state court litigation"). This absolute immunity protects the public's interest in "participation and candor" in judicial and quasi-judicial proceedings. *Rioux v. Barry*, 283 Conn. 338, 344 (2007); *Davis v. Hunt Leibert Jacobson P.C.*, 2016 WL 2963418, at *10 (D. Conn. May 20, 2016). Because Plaintiff's claims against Ms. Heady concern information she provided in connection with a judicial proceeding, Ms. Heady enjoys absolute immunity. *Rioux*, 283 Conn. at 344; *Equal Employment Opp. Comm. v. Day & Zimmerman NPS, Inc.*, 265 F. Supp. 3d 179, 197 (D. Conn. Aug. 22, 2017).

**Further, a "private actor may be afforded the absolute immunity ordinarily accorded judges acting within the scope of their jurisdictions if his role is functionally comparable to that of a judge or if the private actor's acts are integrally related to an ongoing judicial proceeding."** *Mitchell v. Fishbein*, 377 F.3d 157, 172 (2d Cir. 2004) (citing *Butz v. Economou*, 438 U.S. 478, 513 (1978). **The Connecticut Supreme Court has specifically held that a guardian ad litem is entitled to absolute quasi-judicial immunity for actions that are integral to the judicial process.** *Carrubba v. Moskowitz*, 274 Conn. 533, 547-48 (2005). **The Connecticut Supreme Court explained that "the duty of a guardian ad litem to secure the best interest of the minor children places the guardian squarely within the judicial process to accomplish that goal . . . and, therefore, that a grant of absolute immunity is both appropriate and necessary in order to ensure that the guardian will be able to function without the worry of possible later harassment and intimidation from dissatisfied parents."** *Id*. **Likewise, district courts within the Second Circuit have applied absolute judicial immunity to guardians ad litem representing children in custody disputes as well as therapists who provided evaluations in connection with custody disputes.** *McKnight v. Middleton*, 699 F. Supp. 2d 507, 527 (E.D.N.Y. 2010) (applying absolute immunity to a therapist); *Faraldo v. Kessler*, No. 08-cv-0261, 2008 WL 216606, at *5 (E.D.N.Y. 2008). **The Court finds defendants Hibbard and Heady are immune from suit arising out of their roles in Plaintiff's custody dispute.**

III. <u>Conclusion</u>

7

**For the foregoing reasons, the Complaint is DISMISSED. The Court finds an opportunity for amendment would be futile, as the Court cannot exercise subject-matter jurisdiction over Plaintiff's challenge to his visitation rights, and dismisses this case with prejudice.** *See Kim v. Kimm*, **884 F.3d 98, 105 (2d Cir. 2018) (recognizing that while Federal Rule of Civil Procedure 15(a) provides that leave to amend shall be "freely given when justice so requires," courts have discretion to deny leave to amend "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party"). The Clerk is directed to close this file.**

**SO ORDERED this 25th day of May 2018, at Hartford, Connecticut.**

*Vanessa Lynne Bryant*  Vanessa Bryant
2018.05.25 10:05:35 -04'00'
_____

**Vanessa L. Bryant**
**United States District Judge**